UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS RUTLEDGE,

      Appellant,               CASE NO. 17-CV-13743
v.                              HON. GEORGE CARAM STEEH

RUBICON REALTY GROUP,
LLC,

      Appellee.
_____/

## ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE

On November 17, 2017, pro se Appellant Travis Rutledge timely filed an appeal of a final decision of the United States Bankruptcy Court for the Eastern District of Michigan. Appellant did not pay the filing fee or file a petition to proceed in *forma pauperis*. Nevertheless, this court considered his August, 2017 application to proceed without prepaying the filing fee which he had filed in the Bankruptcy Court, and which the Bankruptcy Judge had granted, and this Court likewise granted him leave to proceed on appeal without paying the $298 filing fee. Despite this permission, Appellant failed to prosecute his appeal in any manner. Although Appellant was required to file the designation of record on or before Friday, December 1, 2017, pursuant to Federal Rule of Bankruptcy Procedure

- 1 -

8009, Appellant failed to do so. Moreover, Appellant never sought a time extension for compliance.

Accordingly, on January 11, 2018, this court ordered Appellant to show cause on or before January 26, 2018, why his appeal should not be dismissed for failure to prosecute. On January 24, 2018, Appellant filed a response attaching only the names and addresses of two creditors and stating:

> The Debtor, Travis Rutledge was to file the Designation of Certain allowed claims in the above matter in a timely manner. Debtor, at times will send other individuals to file documents with the court clerk when he is unable to for various reason[s]. Debtor later realized that the document was not filed when Debtor recently received a Show Cause Order from the Honorable Steeh that the document was not filed. Debtor has now cured the defect and files this Designation of certain Allowed Claims and Statement to be included in the record of appeal.

(Doc. 6). Appellant offered no explanation for why he is two months late to file a designation of record. Moreover, in his response to the court's show cause order, Appellant still has not complied with Federal Rule of Bankruptcy Procedure 8009 which requires that within 14 days of the filing of the notice of appeal, "the appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R.

Bankr. P. 8009.  In addition, Rule 8009 specifically provides the documents the record must include:

> **(4) Record on appeal**
> The record on appeal must include the following:
> • docket entries kept by the bankruptcy clerk;
> • items designated by the parties;
> • the notice of appeal;
> • the judgment, order, or decree being appealed;
> • any order granting leave to appeal;
> • any certification required for a direct appeal to the court of appeals;
> • any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings;
> • any transcript ordered under subdivision (b);
> • any statement required by subdivision (c); and
> • any additional items from the record that the court where the appeal is pending orders.

Fed. R. Bankr. P. 8009(a)(4).  Here, Appellant has failed to comply with any of the requirements of Rule 8009.

This court has discretion to dismiss an appeal for failure to prosecute. Fed. R. Bankr. P. 8003(a)(2).  The Sixth Circuit has recognized that dismissal of a bankruptcy appeal is warranted when an appellant "has shown a complete indifference to the rules of the bankruptcy appeals proceeding."  *Barclay v. U.S. Tr., Hackett*, 106 F. App'x 293, 294 (6th Cir. 2004).  Moreover, the Sixth Circuit has stated that "a district court may in particular exercise its discretion to dismiss an appeal for a violation of Rule [8009] (formerly codified as Rule 8006) where there is a showing of bad

faith, negligence, or indifference." *In re Kloian*, 137 F. App'x 780, 783 (6th Cir. 2005) (citing *In re Winner Corp.*, 632 F.2d 658, 661 (6th Cir. 1980)).

Here, Appellant had acted with complete indifference to the bankruptcy appellate rules. He is eight weeks late in filing his designation of record and his response to this Court's show cause order indicates that he is both unaware of his obligations under the Federal Rules of Bankruptcy Procedure, and has no intention of complying with them. This is the very type of negligence which courts have recognized justifies dismissal. *See In re Kloian,* 137 F. App'x at 783 (affirming district court's dismissal of bankruptcy appeal for non-prosecution where appellant filed his statement of issues more than a month after notice of appeal and Bankruptcy Court proceedings chronicled his persistent neglect); *Barclay*, 106 F. App'x at 294 (affirming district court's dismissal of bankruptcy appeal where pro se appellant failed to file her opening brief despite numerous time extensions, and failed to cure deficient record despite the opportunity to do so); *In re Sharwell*, 129 F.3d 1265, 1997 WL 681509, *1 (6th Cir. 1997) (dismissing appeal where pro se appellant failed to file a designation of record and statement of issues and filed brief six months late) (table only); *In re Bock Laundry Mach. Co.,* 63 B.R. 221 (N.D. Ohio 1986)

(dismissing appeal where pro se appellant failed to take any action after filing notice of appeal).

Although this court holds pro se litigants to a less stringent standard than an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), this does not excuse pro se Appellant from complying with the bankruptcy appellate procedures. In a similar bankruptcy appeal, the Sixth Circuit found that despite an appellant's pro se status "he was still required to comply with the rules; his pro se status does not exempt him from compliance." *In re Sharwell*, 129 F.3d 1265 (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991)).

Accordingly, because Appellant has failed to take any action in this case since filing his Notice of Appeal over two months ago, has failed to offer any excuse for his neglect, and has failed to comply with the requirements of Federal Rule of Bankruptcy Procedure 8009, this appeal is DISMISSED for failure to prosecute.

**IT IS SO ORDERED.**

Dated: January 31, 2018

        <u>s/George Caram Steeh</u>
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 31, 2018, by electronic and/or ordinary mail and also on Travis Rutledge, 20251 Ashton, Detroit, MI 48219.

s/Barbara Radke
Deputy Clerk